**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

CHARLES ASHFORD,                                                          PLAINTIFF
ADC #133975

v.                                    5:18CV00206-DPM-JTK

DOES                                                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.     Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.    Introduction

Plaintiff, a state inmate proceeding pro se, seeks relief in a civil rights action pursuant to 42 U.S.C. § 1983, and filed a Motion for Leave to Proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (Doc. No. 1).   Although Plaintiff submitted a declaration that makes the showing required by § 1915(a), his Motion will be denied.

## II.    Screening

The Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §1915(a).  Additionally, the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that

it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

The Court's records demonstrate that Plaintiff previously filed at least four § 1983 actions that were dismissed as frivolous or for failure to state a claim upon which relief may be granted. See Ashford v. Davis, 5:07-cv-00255-SWW; Ashford v. Whaley, 5:09-cv-00086-JLH; Ashford v. Rucker, 5:09-cv-00202-SWW; and Ashford v. Washington, 5:09-cv-00224-JLH.  Thus, Plaintiff accumulated three strikes, as defined by § 1915(g), prior to commencing the present action. Plaintiff may, however, be permitted to proceed in forma pauperis if he falls under the "imminent danger" exception to the three strikes rule set forth above. 28 U.S.C. §1915(g).  This exception does not apply to allegations of past danger, and the alleged harm must be "real and proximate" and occurring at the time the complaint is filed. Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).  In the Eighth Circuit, the exception does not apply unless plaintiff alleges "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

In his Complaint, Plaintiff alleged that unknown Defendants (Does) used excessive force against him, and he requested an order "for imminent danger of physical injuries." (Doc. No. 2, p. 1) By Order dated August 16, 2018, the Court noted that the allegations did not appear sufficient to support a finding that he was in imminent danger of serious physical injury, as provided in the statute. (Doc. No. 3, p. 2) The Court then provided Plaintiff the opportunity to submit, within thirty days, a superseding Amended Complaint which "should **1) name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue in this action (the**

Marshal cannot serve an unknown Defendant); 2) provide specific facts against each named Defendant in a simple, concise, and direct manner; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) state how he was harmed; and 5) provide the dates of the actions at issue.  Plaintiff should also submit any grievances or medical records in support of his imminent danger claim." (Id., pp. 2-3)

As of this date, however, Plaintiff has not responded to the Court's Order.  Given his failure to name specific individuals involved, or to clarify that those individuals acted to place him in present imminent danger of serious harm, the Court finds that Plaintiff's Motion to Proceed in forma pauperis should be denied.  Accordingly,

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Motion to Proceed in forma pauperis (Doc. No. 1) be DENIED.

2.      Should Plaintiff wish to continue prosecuting this case, he be required to submit the statutory filing fee of $400 to the Clerk, noting the above case style and number within ten (10) days of the date of this Order, along with a motion to reopen the case.  Upon receipt of the motion and full payment, the case will be reopened.

3.      This case be DISMISSED without prejudice.

IT IS SO ORDERED this 18th day of September, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE